# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS H. NICHOLS, Deceased by and Through DIANE JONES, his Sister and Next Best Friend and Administrator of the Estate of DEMETRIUS H. NICHOLS, <br><br>**Plaintiff,**<br><br>vs.<br><br>WEXFORD HEALTH SOURCES, INC., DR. MOHAMMED Z. SIDDIQUE, N.P. ALI DEARMOND, DR. STEPHEN RITZ, DR. HECTOR GARCIA, DR. KURT OSMUNDSON, and TAMMIE RABLE, RN, Individually and as employees/agents of WEXFORD HEALTH SOURCES, INC.<br><br>**Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 24-cv-796-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Diane Jones, Administrator of the Estate of Demetrius Nichols, brings this action against Defendants Wexford Health Sources, Inc. ("Wexford"), Dr. Mohammed Siddique, Dr. Stephen Ritz, Dr. Hector Garcia, Dr. Kurt Osmundson, Ali Dearmond, NP, and Tammie Rable, RN, alleging that the Defendants failed to provide him with constitutionally adequate medical treatment which ultimately led to his death. This matter is before the Court on the parties' motions to seal certain exhibits in support of their cross-motions for summary judgment (Docs. 124, 128). Defendants moved for leave to file exhibits under seal and contemporaneously filed certain exhibits under seal without first receiving leave.

Plaintiff moves to seal exhibits containing information protected by the Health Insurance Portability and Accountability Act ("HIPAA"). Defendants contend that Decedent Nichols'

medical records contain information regarding a sensitive health condition and to protect Nichols, Defendant redacted this condition from the medical records. However, there is a portion of the deposition transcript of Dr. Ryan Herrington, Plaintiff's expert, that references this condition and is relevant to Defendants' motion to bar Dr. Herrington. Defendants also move to seal Nichols' disciplinary records that reference the health condition. Defendants filed these exhibits under seal without first receiving leave. In addition, Defendants move to seal a Wexford guideline it anticipates it will file that is subject to a protective order because it contains sensitive information that Wexford maintains confidentially.

The Seventh Circuit has articulated a rigorous standard for demonstrating good cause to seal documents. While "[s]ecrecy is fine at the discovery stage, before the materials enter the judicial record," "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, sealing documents is not justified simply by an agreement between the parties to keep matters private. Similarly, the provisions of the HIPAA do not create a privilege against production or admission of evidence; they merely create a procedure for obtaining protected medical records in litigation. *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925–926 (7th Cir. 2004) (citing 45 C.F.R. § 164.512(e)(1)(v)).

Here, the parties' motions do not demonstrate legally sufficient grounds for sealing the exhibits. Accordingly, the motions to seal (Docs. 124, 128) are **DENIED without prejudice**. The

parties may refile the motions within 14 days demonstrating adequate grounds for sealing the requested documents. Absent that, the exhibits filed by the Defendants will be unsealed.

**IT IS SO ORDERED.**

**DATE: September 4, 2025**

**STACI M. YANDLE**
**United States District Judge**