IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS H. NICHOLS, deceased by and through DIANE JONES his sister and next best friend and Administrator of the Estate of DEMETRIUS H. NICHOLS,<br><br>        Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTH SOURCES, INC., DR. MOHAMMED Z. SIDDIQUI, N.P. ALI DEARMOND, and DR. STEPHEN RITZ,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 24-cv-796-SMY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On January 28, 2021, Demetrius Nichols died while incarcerated at Menard Correctional Center. Plaintiff Diane Jones, Administrator of the Estate of Demetrius Nichols, filed this action against Wexford Health Sources, Inc. ("Wexford"), Dr. Mohammed Siddique, Ali Dearmond, NP, and Dr. Stephen Ritz asserting violations of 42 U.S.C § 1983 and state law claims for survival and wrongful death. Now before the Court is Defendants' Motion to Exclude Plaintiff's Expert Witness (Doc. 134), which Jones opposes (Doc. 153). For the following reasons, the Motion is **DENIED**.

### Legal Standard

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. District courts have a "gatekeeping" obligation to ensure that expert testimony is both relevant and reliable. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (2003); *Lees v. Carthage College,* 714 F.3d 516, 521 (7th Cir. 2013). Essentially, the Court must answer three

questions before admitting expert testimony: (1) is the expert qualified; (2) is the expert's methodology reliable; and (3) will the expert's testimony assist the trier of fact in understanding the evidence or determining a fact in issue. *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). The party offering the expert testimony bears the burden of proof as to relevance and reliability. *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765, 772 (7th Cir. 2014) (citing *Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 705 (7th Cir. 2009)).

"A *Daubert* inquiry is not designed to have the district judge take the place of the jury to decide ultimate issues of credibility and accuracy." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 805 (7th Cir. 2012). "If the proposed expert testimony meets the *Daubert* threshold of relevance and reliability, the accuracy of the actual evidence is to be tested before the jury with the familiar tools of "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."" *Id.* (quoting *Daubert*, 509 U.S. at 596).

## Discussion

Plaintiff retained Ryan D. Herrington, M.D., MPH to support her claims. Dr. Herrington received his medical degree from the University of Virginia and a master's degree in public health from the Ohio State University. He is licensed to practice medicine and is dual board certified by the American Board of Preventive Medicine in both public health/preventive medicine and addiction medicine. Dr. Herrington has worked as a primary care physician and as a medical director in correctional settings.

In this case, Dr. Herrington opines to a reasonable degree of medical certainty that: (1) from an asthma perspective, Nichols would have benefitted from earlier referral to otolaryngology; (2) Wexford practitioners' repeated use of steroids for Nichols amounted to customary maintenance treatment for his nasal polyps; (3) Wexford's custom of using steroids for nasal

polyps was harmful for Nichols; (4) Wexford's custom of using steroids for Nichols made it increasingly likely that he would suffer an asthma exacerbation; and (5) Wexford's failure to provide Nichols a higher level of care on January 25, 2021 and on January 26, 2021 was a breach of the standard of care.

Defendants argue Dr. Herrington's opinions should be excluded because he seeks to opine on matters outside of his area of expertise and failed to review sufficient facts and data to form reliable opinions. Defendants further contend his opinions are not grounded in reliable methodology. The Court disagrees.

Dr. Herrington has the requisite background and experience to render opinions regarding the medical care Nichols received while incarcerated. He has over a decade of experience in correctional medicine, including as a former medical director of a state prison. Dr. Herrington testified that he was either directly or indirectly involved with every patient at those correctional facilities. His experience renders him qualified to opine regarding the clinical and operational duties at issue in this case.

Defendants also argue Dr. Herrington's opinions are unreliable. In reaching his opinions, Dr. Herrington reviewed relevant case materials, including medical records and deposition testimony. He applied his extensive experience to evaluate the facts of this case and reached his conclusions regarding the medical care provided to Nichols. Dr. Herrington's report includes a detailed methodology section in which he outlines and explains how he grounded his analysis in the medical records and treatment chronology. Dr. Herrington referenced numerous sources he relied on in formulating his opinions. While Defendants take particular issue with his reliance on the Healthcare Monitor 4th Report in *Lippert v. Jeffreys* ("Lippert Report"), asserting the report is

inadmissible hearsay, relying on hearsay does not render an expert's opinions unreliable for *Daubert* purposes. *See Tilstra v. BouMatic, LLC*, 791 F.3d 749, 753 (7th Cir. 2015).

In sum, the reliability of data and assumptions used in applying a methodology is tested by the adversarial process and determined by the jury; the court's role is generally limited to assessing the reliability of the methodology – the framework – of the expert's analysis." *See Manpower, Inc. v. Insurance Co. of Pennsylvania,* 732 F.3d 796, 808 (7th Cir. 2013). Defendants' disagreements with Dr. Herrington's ultimate conclusions are not a justifiable basis to exclude his opinions. Defendants may certainly attempt to discredit Dr. Herrington on cross-examination or in their own presentation of the evidence. But their arguments go to the weight to be given Dr. Herrington's testimony, not to its admissibility. *See Daubert*, 509 U.S. at 596. His opinions are relevant and will assist the jury with its analysis of whether Defendants' care fell below accepted practice and caused or contributed to Nichols' death. Therefore, Defendants' Motion is denied.

**IT IS SO ORDERED.**

**DATED: December 3, 2025**

**STACI M. YANDLE**
**United States District Judge**